# Bing, Appellant, *v.* Schmitt.

*Partnership—Holding out—Question of fact—Question for jury.*

1. Where two persons hold themselves out as partners, and thereby obtain goods, it makes no difference in a suit against them as partners for the value of such goods whether there was a partnership in fact between them, or not.

2. Whether a person has held himself out as a partner, or permitted others to hold him out as such is a question of fact; and if there is evidence of such a holding out, the question of partnership is for the jury.

Argued Nov. 2, 1909. Appeal, No. 205, Oct. T., 1909, by plaintiffs, from order of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 414, refusing to take off nonsuit in case of Harry Bing and R. C. Hieber, partners doing business as Bing & Hieber, now for use of R. C. Hieber v. George Schmitt, now in the hands of the Mount Washington Savings & Trust Company, Trustee in Bankruptcy, and A. L. Richmond, partners doing business as the Nixon Restaurant. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit for goods sold and delivered. Before SWEAR-INGEN, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Frederick W. Miller*, with him *John S. Robb, Jr.*, for appellants, cited: Welsh v. Speakman, 8 W. & S. 257; Churchman v. Smith, 6 Whart. 146; Denithorne v. Hooks, 112 Pa. 240.

*Ed. B. Scull*, for appellees, cited: Corcoran v. Tritch, 20 W. N. C. 372.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:

Judgment of compulsory nonsuit was entered in this case, upon the ground that the proof of a partnership between Schmitt and Richmond was not sufficient to justify the submission of the question to the jury. Our examination of the evidence leads us to a different conclusion upon this point from that reached by the learned trial judge. It made no difference whether there was a partnership in fact or not, if the defendants represented themselves as partners to the plaintiffs, and thereby obtained their goods: Given v. Albert, 5 W. & S. 333; Reed, Crane & Co. v. Kremer & Co., 111 Pa. 482. There was evidence in this case, upon the part of the plaintiffs, that in the fall of 1905, Richmond told him to "go ahead and sell them, that he was in back of them, and the account would be all right." That later on when spoken to about the account, Richmond said, "He would see that Mr. Schmitt would send them a check." And that upon a third occasion, Richmond declared to the witness that it was all right to go ahead and sell to the restaurant, for he, Richmond, had a two-thirds interest in the place. In addition to these statements two letters from Richmond to Schmitt were offered in evidence, in which Richmond spoke in the tone and with the authority of an owner of the business. He used such language as, "We show a

loss," and "we have outstanding accounts" and "we will" re-
fuse to pay rent; and after giving positive instructions as to
certain things, he ended the first letter with the expression,
"See if we cannot at least clear your salary." In the second
letter also, the word "we" was used with reference to the
charges for operating, and in it Mr. Richmond proposed an
equal division of the profits with Schmitt, instead of a salary.

There was certainly enough in all this to justify the submis-
sion of the question to the jury. Whether a person has held
himself out as a partner, or permitted others to hold him out
as such, is a question of fact. The plaintiffs were entitled to
show either a partnership in fact, or that defendant Richmond
had held himself out as a partner with Schmitt, in the opera-
tion of the restaurant: Shafer v. Randolph, 99 Pa. 250.

The judgment is reversed, with a venire facias de novo.