### O'BRIEN & GERE ENGINEERS, INC.

v.

### Khalil TALEGHANI et al.

### Civ. A. No. 79–4309.

United States District Court,
E. D. Pennsylvania.

Dec. 8, 1980.

Richard R. Rulon, Bradford F. Whitman, Philadelphia, Pa., for plaintiff.

Herbert G. Schick, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Before me are two motions filed by the defendant: a motion to stay pending arbitration and a motion to dismiss the business entity Taleghani-Daftary for lack of personal jurisdiction. On November 10, 1980, at oral argument on these motions, I ap-

proved the stipulation of counsel withdrawing without prejudice plaintiff's claim against the entity, Taleghani-Daftary. Accordingly, the motion to dismiss for lack of jurisdiction over this entity will be dismissed as moot. Jurisdiction over the defendant Khalil Taleghani has not been challenged.[1] The only remaining issue is whether this dispute has been committed to arbitration by an agreement between the parties. On November 10, 1980, in an oral ruling, I denied the motion to stay because of the existence of unresolved issues of fact. This is a supplemental statement of my reasons.

On February 21, 1978, the parties signed an agreement by which the plaintiff would provide consulting engineering services to defendants in connection with water resource projects then under way in Iran. The contract contained the following clause: "Any dispute or difference arising out of the Agreement including those considered as such by only one of the parties shall be finally settled under the Arbitration Rules and Procedures of the International Chamber of Commerce." In December, 1978, because of deteriorating political conditions in Iran, the defendants suggested that the plaintiff suspend work on all projects, with the exception of one project which was close to completion. The plaintiff completed the work on the excepted project but was allegedly unwilling to deliver it to the defendants without further assurance of payment. Accordingly, on March 31, 1979, the parties signed a statement of outstanding debts owed by the defendants to the plaintiff for work already performed under the February, 1978 contract. The March understanding states "Taleghani-Daftary agrees to make payment to O'Brien Engineers, Inc. in the amount of said $157,755.19 within fifteen days of the availability of funds and in accordance with the provisions of the parties' Agreement dated February 21, 1978." The March 1979 letter was signed under the heading "Taleghani-Daftary" by the indi-

---

1. Defendant Taleghani is represented in this action and concedes that the court has personal jurisdiction over him. The other individual defendant, Jamshed Daftary, is not represented and has not answered. The plaintiff has taken a default against him.

vidual defendants, Khalil Taleghani and Jamshed Daftary. Below the signature lines upon which they signed appear the typewritten words "Khalil Taleghani, Partner" and "Jamshed Daftary, Partner."

The plaintiff claims a right to recover from the individual defendants $157,755.19, the sum which the March 1979 letter recites is owing. Defendant Taleghani responded that plaintiff's right of recovery depends upon the February 1978 agreement or the February 1978 agreement read in conjunction with the March 1979 letter but in either case the arbitration clause of the February 1978 agreement applies to this dispute.

■ The chief factual dispute on the motion to stay involves the interpretation of the March 1979 letter. The letter does not mention arbitration specifically. The plaintiff maintains that the reference in the March letter to making payment "in accordance with the provisions of the" February agreement was only intended to refer to those provisions which deal with the manner in which payment is to be made. The defendant takes the position that if the letter was intended to create rights and liabilities, it was also intended to incorporate all of the provisions of the February agreement, including the arbitration clause. I find that the term "the provisions of the parties' Agreement dated February 21, 1978" is ambiguous. Thus, whether the letter of March 1979 incorporated the February agreement in whole or in part is a question of fact. Likewise, it is a question of fact whether the March letter was intended to supplement or supersede the February 1979 agreement.

■ The plaintiff opposes the motion to stay on grounds other than that the March 1979 letter does not include expressly or by incorporation by reference an arbitration clause. Plaintiff also argues that even if the March letter incorporated the arbitration clause of the February 1978 contract that would not require that this action be stayed because this is not an action based upon the contract. The plaintiff maintains that it is entitled to recover from the de-

fendants as partners by estoppel. *See* Uniform Partnership Act, 59 Pa.Stat.Ann. § 328 (Purdon Supp.1980). The entity, Taleghani-Daftary, is a creature of Iranian law. The parties agree that under the applicable Iranian statute Taleghani-Daftary is a limited liability entity. Having recognized this, the plaintiff maintains that the defendants held the entity out to be a partnership and themselves to be partners and hence, are now personally liable as partners.

The plaintiff's argument is essentially that the alleged representations make Taleghani liable for the business entity's debts without the benefit of any defenses that the company would have based upon the contract. This is inconsistent with the statutory provision upon which the plaintiff relies. *See* 59 Pa.Stat.Ann. § 328(a)(3) (Purdon Supp.1980). Similarly, the case law under an earlier, nearly identical estoppel statute, assumed that the estopped partner will have the benefit of contract defenses when held to the terms of a contract. *See Lazarus v. Goodman*, 412 Pa. 442, 195 A.2d 90 (1963); *also Bing v. Schmitt*, 226 Pa. 622, 75 A. 854 (1910). Plaintiff's argument misses the mark because assuming there were representations, and assuming that they were justifiably relied upon, the contract is the measure of the plaintiff's reliance. Whether the terms of the contract are embodied solely in the February 1978 agreement or the March 1979 letter or a combination of both is a question of fact. Because the question of arbitrability cannot be reached absent a decision on the terms of the contract between the parties, defendant's motion will be denied.