

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-1995

# Kiewit v L&R Construction Co

Precedential or Non-Precedential:

Docket 94-1434

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Kiewit v L&R Construction Co" (1995). *1995 Decisions.* Paper 8.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/8

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 94-1434 & 94-1439
_____


KIEWIT EASTERN CO., INC.;
KIEWIT/PERINI, A JOINT VENTURE, ET AL.

v.

L&R CONSTRUCTION CO., INC.;
CNA INSURANCE COMPANY

Kiewit Eastern Company, Inc. and
Kiewit/Perini, A Joint Venture,
        Appellants in No. 94-1434

CNA Insurance Company,
        Appellant in No. 94-1439

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 91-cv-05563)
_____


Argued September 26, 1994

Before:  SCIRICA, NYGAARD and McKEE, <u>Circuit</u> <u>Judges</u>

(Filed   January 10, l995 )


JERROLD P. ANDERS, ESQUIRE (Argued)
White & Williams
One Liberty Place
1650 Market Street, Suite 1800
Philadelphia, Pennsylvania 19103

  Attorney for Appellants/Cross-Appellees
  Kiewit Eastern Company, Inc. and
  Kiewit/Perini, A Joint Venture

ALEXIS L. BARBIERI, ESQUIRE (Argued)
Lewis & Wood
1207 Spruce Street
Philadelphia, Pennsylvania 19107

  Attorney for Appellee
  L&R Construction Co., Inc.


R. BRUCE MORRISON, ESQUIRE (Argued)
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, Pennsylvania 19103

  Attorney for Appellee/Cross-Appellant
  CNA Insurance Company


_____

OPINION OF THE COURT
_____


SCIRICA, <u>Circuit</u> <u>Judge</u>.

    In this diversity case, we are presented with disputes over coverage under two contracts, an indemnification agreement between a contractor and subcontractor and a subsequent insurance contract between the subcontractor and an insurance company. The primary issue is whether the indemnification agreement sufficiently waived the immunity granted employers under the Pennsylvania Workers' Compensation Act. The district court partially granted cross-motions for summary judgment, holding the contractor was entitled to conditional indemnification but its general partner was not. The district court also dismissed the insurer from the case. We will affirm in part and reverse in part.

I.

Kiewit/Perini, a joint venture composed of Kiewit Eastern Company and Perini Corporation, served as general contractor for construction of a portion of Interstate 476, known as the Blue Route, near Philadelphia. In July 1988, Kiewit/Perini subcontracted certain work to L&R Construction which agreed to defend and indemnify Kiewit/Perini and obtain insurance in order to protect the general contractor from liability for personal injuries resulting in whole or in part from the subcontractor's negligence. As a result, L&R Construction purchased an insurance policy from CNA Insurance Company covering liability resulting from L&R Construction's incidental contracts, such as its contract with Kiewit/Perini.

During construction, a crane loaned to L&R Construction by Kiewit Eastern came too close to a power line, injuring Benedict Chen, an employee of L&R Construction. Chen brought two actions in the Philadelphia County Court of Common Pleas against Kiewit/Perini and Kiewit Eastern,[1] but not against L&R Construction, which -- as Chen's employer -- was immune from suit under the Pennsylvania Workers' Compensation Act.[2] After Kiewit/Perini and Kiewit Eastern tendered their defense to CNA Insurance, which refused to accept the tender, they filed a

_____

[1]. <u>Chen v. Philadelphia Elec. Co.</u>, No. 91-1339 (Ct. C.P. Phila. County filed Jan. 11, 1991); <u>Chen v. Philadelphia Elec. Co.</u>, No. 91-1753 (Ct. C.P. Phila. County filed July 10, 1991).

[2]. Pa. Stat. Ann. tit. 77, § 481 (1992).

third-party complaint against L&R Construction, alleging it was obligated to defend and indemnify them.

Kiewit/Perini and Kiewit Eastern then filed this declaratory judgment action in federal court, seeking a defense and indemnification from L&R Construction or CNA Insurance, as well as reimbursement for attorneys' fees and costs. All parties filed motions for summary judgment. The district court granted Kiewit/Perini's motion in part, requiring L&R Construction to defend and conditionally indemnify it, but held as a matter of law that L&R Construction owed no duty to defend or indemnify Kiewit Eastern. After deciding those defense and indemnification issues, the court dismissed the claim against CNA Insurance as moot. Kiewit Eastern Co. v. L&R Constr. Co., Civ. A. No. 91-5563, 1993 WL 367051 (E.D. Pa. Sept. 3, 1993) ("Kiewit I"). The district court denied a subsequent motion to amend the judgment, Kiewit Eastern Co. v. L&R Constr. Co., Civ. A. No. 91-5563, 1994 WL 116108 (E.D. Pa. Mar. 15, 1994) ("Kiewit II"), and Kiewit/Perini, Kiewit Eastern, and CNA Insurance appealed.

The district court had jurisdiction of the case under 28 U.S.C. § 1332 (1988).[3] We have jurisdiction under 28 U.S.C. §

_____

[3]. The parties do not contest jurisdiction. The Declaratory Judgment Act, 28 U.S.C. § 2201 (1988), permits "the discretionary exercise of jurisdiction over suits otherwise falling under federal subject matter jurisdiction," a form of discretion "significantly greater" than that permitted under traditional abstention principles. United States v. Commonwealth of Pa., Dep't of Envtl. Resources, 923 F.2d 1071, 1074 (3d Cir. 1991).

We considered this discretion in a similar situation, a case in which an insurance company sought a declaratory judgment on its duty to defend and indemnify an insured in a pending state

1291 (1988).  Because this is an appeal from a grant of summary

judgment, our review is plenary.  Oritani Sav. & Loan Ass'n v.

Fidelity & Deposit Co., 989 F.2d 635, 637 (3d Cir. 1993).

Summary judgment may be granted only when there are no genuine

issues of material fact and the moving party is entitled to

judgment as a matter of law.  Id. at 637-38; see also Fed. R.

Civ. P. 56(c).

II.

(..continued)
action.  Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213 (3d
Cir. 1989).  In Terra Nova, we reversed the district court's stay
of the federal proceedings on the duty to defend, but affirmed
the stay on the duty to indemnify.  Id. at 1228.  In affirming
the district court's exercise of discretion to stay the
proceedings on the duty to indemnify, we found persuasive three
factors:

> 1) the general policy of restraint when the
> same issues are pending in a state court; 2)
> an "inherent conflict of interest" between an
> insurer's duty to defend in a state court and
> its attempt to characterize, in the federal
> suit, the state court suit as arising under a
> policy exclusion; and 3) an avoidance of
> duplicative litigation.

Commonwealth of Pa., Dep't of Envtl. Resources, 923 F.2d at 1075-
76 (discussing Terra Nova).  Some of those factors may be
implicated in this case.  Here, a third-party complaint pleading
the right to indemnification already had been filed by the Kiewit
entities against L&R Construction in at least one of the
underlying state tort cases; thus, the Pennsylvania courts may
well have provided a more suitable and satisfactory forum for
determining the issues before us.  See Brillhart v. Excess Ins.
Co. of America, 316 U.S. 491, 495 (1942) ("Ordinarily it would be
uneconomical as well as vexatious for a federal court to proceed
in a declaratory judgment suit where another suit is pending in a
state court presenting the same issues, not governed by federal
law, between the same parties.").  Nevertheless, because no party
has raised the matter on appeal, we need not decide this
question.

Section 11 of the subcontract between Kiewit/Perini and L&R Construction provided:

INDEMNIFICATION. The Subcontractor further specifically obligates itself to the Contractor, Owner and any other party required to be indemnified under the Prime Contract, jointly and separately, in the following respects, to-wit:

. . . .

(b) to defend and indemnify them against and save them harmless from any and all claims, suits or liability for . . . injuries to persons, including death, and from any other claims, suits or liability on account of acts or omissions of Subcontractor, or any of its subcontractors, suppliers, officers, agents, employees or servants, whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder; provided, however, Subcontractor's duty hereunder shall not arise if such claims, suits or liability, injuries or death or other claims or suits are caused by the sole negligence of a party indemnified hereunder unless otherwise provided in the Prime Contract. Subcontractor's obligation hereunder shall not be limited by the provisions of any Workers' Compensation act or similar statute[.][4]

---

[4]. A similar indemnification provision in the subcontract covered equipment the subcontractor borrowed from the contractor:

CONTRACTOR'S EQUIPMENT. In the event that Subcontractor by rental, loan or otherwise, makes use of any of Contractor's equipment, scaffolding, or other appliances, Subcontractor agrees to accept such "as is" and that such use shall be at the sole risk of Subcontractor and Subcontractor agrees to defend, hold harmless and indemnify Contractor against all claims of every nature arising from its use thereof.

(emphasis added).

A.

The district court held the indemnification language required L&R Construction to defend and conditionally indemnify Kiewit/Perini. Kiewit I, supra, at *8. L&R Construction does not dispute this holding, but its insurance company, CNA Insurance, does.[5]

Pennsylvania law permits indemnification, even for the indemnitee's own negligence, as long as the agreement to indemnify is "clear and unequivocal." Ruzzi v. Butler Petroleum Co., 588 A.2d 1, 4 (Pa. 1991); Willey v. Minnesota Mining & Mfg. Co., 755 F.2d 315, 323 (3d Cir. 1985). In this case, CNA Insurance claims the language of the subcontract generally is ambiguous and should be interpreted against the indemnitee.[6] We cannot agree. Under Pennsylvania law, "[w]hen a written contract is clear and unequivocal, its meaning must be determined by its

(..continued)
Subcontract § 22.

[5]. Both L&R Construction and CNA Insurance agreed that, if L&R Construction is found to owe a duty to defend and indemnify, then CNA Insurance will have the obligation to fulfill that duty, pursuant to the CNA insurance policy.

[6]. CNA Insurance contends the difference in interpretations offered by the parties to this action demonstrates the ambiguities inherent in the contract. Pennsylvania courts repeatedly have rejected such reasoning. See, e.g., Vogel v. Berkley, 511 A.2d 878, 881 (Pa. Super. Ct. 1986) ("The fact that the parties do not agree upon the proper interpretation does not necessarily render the contract ambiguous."); Metzger v. Clifford Realty Corp., 476 A.2d 1, 5 (Pa. Super. Ct. 1984) (citation omitted) ("a contract is not rendered ambiguous by the mere fact that the parties do not agree upon the proper construction").

contents alone.  It speaks for itself and a meaning cannot be given to it other than that expressed."  Steuart v. McChesney, 444 A.2d 659, 661 (Pa. 1982) (citation omitted).  It is for the court, as a matter of law, to determine whether ambiguity exists in a contract.  Hutchison v. Sunbeam Coal Corp., 519 A.2d 385, 390 (Pa. 1986).[7]  In this case, we agree with the district court that the indemnification provisions of the subcontract are unambiguous, requiring L&R Construction to indemnify Kiewit/Perini unless Kiewit/Perini was solely to blame for the injury.[8]

---

[7].     Under Pennsylvania law, "[t]he fundamental rule in construing a contract is to ascertain and give effect to the intention of the parties." Lower Frederick Township v. Clemmer, 543 A.2d 502, 510 (Pa. 1988).  Contracts of indemnification often allocate between parties the "burden of procuring insurance," Jamison v. Ellwood Consol. Water Co., 420 F.2d 787, 789 (3d Cir. 1970), or determine which entity bears "ultimate responsibility for injuries on the job." Willey v. Minnesota Mining & Mfg. Co., 755 F.2d 315, 323 (3d Cir. 1985).  The indemnification provision in this case appears to have been intended for a similar purpose, particularly since it was accompanied by a requirement that the subcontractor obtain insurance.  See Subcontract § 10.

[8].     Section 11 of the subcontract states: "Subcontractor's duty hereunder shall not arise if such claims, suits or liability, injuries or death or other claims or suits are caused by the sole negligence of a party indemnified hereunder unless otherwise provided in the Prime Contract."  In Woodburn v. Consolidation Coal Co., 590 A.2d 1273 (Pa. Super. Ct.), appeal denied, 600 A.2d 953, 954, 955 (Pa. 1991), the court construed an indemnification provision that also contained a limitation -- similar to the one here -- exempting from indemnification coverage those claims arising from the "sole negligence" of the indemnitee.  The court held such a provision means, by "negative inference," that "any injuries occurring by less than the sole fault of [the indemnitee] fall within the scope of the indemnification clause." Id. at 1275.  See also Babcock & Wilcox Co. v. Fischbach & Moore, Inc., 280 A.2d 582, 583-84 (Pa. Super. Ct. 1971).

CNA Insurance raises two other insubstantial arguments. As we have noted, section 11 of the subcontract provides "Subcontractor's duty hereunder shall not arise if such claims, suits or liability, injuries or death or other claims or suits are caused by the sole negligence of a party indemnified hereunder unless otherwise provided in the Prime Contract." Because the injured employee Chen sued Kiewit/Perini and Kiewit Eastern in negligence but not L&R Construction, CNA Insurance claims there is no duty to defend or indemnify because the "sole negligence" of Kiewit/Perini and Kiewit Eastern is at issue. Of course, L&R Construction was immune from suit because of the Pennsylvania Workers' Compensation Act. Pa. Stat. Ann. tit. 77, § 481 (1992). Just because Chen could not sue L&R Construction does not mean the company was blameless in the accident. As the district court noted, legal immunity from suit between Chen and L&R Construction does not compel a conclusion that L&R Construction was not negligent, nor does it decide the contractual rights and obligations between L&R Construction and Kiewit/Perini. Kiewit I, supra, at *6. The mere absence of allegations of negligence against L&R Construction in the underlying suit does not negate its obligation to defend and indemnify here.[9]

_____

[9]. This is not a case in which it appears reasonably certain that the indemnitee was solely negligent for the underlying injuries. CNA Insurance's own records indicate that L&R Construction employees were operating the crane when Chen was injured. Although we express no opinion on the merits of the underlying tort claims or the negligence of any of the parties, we note the CNA Insurance records to demonstrate the possibility that Kiewit/Perini -- if negligent -- may not have been the only

Second, CNA Insurance maintains L&R Construction is immune from liability for injuries to its employees under the Workers' Compensation Act, which provides that the "liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes . . . ." Pa. Stat. Ann. tit. 77, § 481 (1992) (footnote omitted). Although the statute immunizes employers from indemnification suits by third parties who have been sued by injured employees, it exempts from protection any employers that contractually agreed with third parties to waive their immunity under the statute.[10]

Section 11(b) of the subcontract ends with the proviso that "Subcontractor's obligation [to defend and indemnify] hereunder shall not be limited by the provisions of any Workers' Compensation act or similar statute." Although the district court found this language amounted to an express waiver of

(..continued)
negligent party. Furthermore, we concur with the district court that "[t]he assertion by CNA's claim analyst that Kiewit/Perini had a 'high degree of negligence' is not sole negligence, nor a proper determination of responsibilities." Kiewit I, supra, at *6.

[10].     See Pa. Stat. Ann. tit. 77, § 481 (1992), which provides:

> [T]he employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

immunity provided by the Workers' Compensation Act, Kiewit I, supra, at *8, CNA Insurance argues on appeal that the subcontract does not "expressly provide" that L&R Construction would waive its immunity -- as the statute requires.

In support of its position, CNA Insurance points to the decision in Bester v. Essex Crane Rental Corp., 619 A.2d 304 (Pa. Super. Ct. 1993), in which the court denied an indemnity claim. The facts in Bester resemble those in the present case: a purported indemnitee claimed protection from liability for injuries to one of the indemnitor's employees that may have been caused by the indemnitee. Yet the comparison between the two cases ends there. Unlike the indemnification contract here, the agreement to indemnify in Bester contained no express waiver of the protections of the Workers' Compensation Act or even a reference thereto.[11]

---

[11]. In Bester, the indemnification clause stated:

> The Lessee [Russell] shall defend, indemnify and hold forever harmless Lessor [Essex] against all loss, negligence, damage, expense, penalty, legal fees and costs, arising from any action on account of personal injury or damage to property occasioned by the operation, maintenance, handling, storage, erection, dismantling or transportation of any Equipment while in your possession. Lessor shall not be liable in any event for any loss, delay or damage of any kind of character resulting from defects in or inefficiency of the Equipment hereby leased or accidental breakage thereof. . . .

> The Lessee will include the interest of ESSEX CRANE RENTAL CORP. as an additional named insured under their General Liability, Excess Liability, and Automobile Insurance

Here, the subcontract provides the obligation to defend and indemnify "shall not be limited by the provisions of any Workers' Compensation act or similar statute."  Bester of course did not require that an indemnity contract use any specific wording,[12] but merely that "such a clause contain plain language which would avoid the employer's protection from double responsibility which is afforded by the Workmen's Compensation Act."[13]  We can find no Pennsylvania case rejecting an indemnification agreement with language similar to the wording here.[14]  We have little difficulty in finding that the language of the subcontract is a sufficient waiver to permit indemnity.[15]

(..continued)

> Policies as respect to this equipment during the term of the rental with minimum liability limits of $1,000,000 per occurrence and provide a certificate of insurance to Lessor.

619 A.2d at 306.

[12].      The Bester court noted that "if the indemnification agreement is clear and includes indemnification in the event of either the indemnitee's or the employer's own negligence, its enforceability does not require that the employer, in addition, expressly and in haec verba waive the immunity provided by § 481(b) of the Workmen's Compensation Act."  Id. at 307.

[13].      Id. at 308.

[14].      See, e.g., Szymanski–Gallagher v. Chestnut Realty Co., 597 A.2d 1225, 1229 (Pa. Super. Ct. 1991), overruled by Bester, 619 A.2d at 308; Remas v. Duquesne Light Co., 537 A.2d 881, 882 (Pa. Super. Ct.), appeal denied, 552 A.2d 251, 252 (Pa. 1988); Gerard v. Penn Valley Constructors, Inc., 495 A.2d 210, 212 (Pa. Super. Ct. 1985).

[15].      Bester also held the contract insufficient to provide indemnity protection for the indemnitee's own negligence.  619 A.2d at 309 n.2.  In the present case, however, the subcontract withheld indemnity only in cases of the indemnitee's "sole negligence."  See supra note 8 and accompanying text.

Therefore, we hold the subcontract requires L&R Construction to defend and conditionally indemnify Kiewit/Perini.[16]

                                    B.

        Our holding, however, does not necessarily apply to Kiewit Eastern.  Kiewit Eastern was not a party to the subcontract with L&R Construction.  Instead, the agreement expressly was "by and between" L&R Construction and "Kiewit/Perini, A Joint Venture."

        Nevertheless, as the joint venture's "managing party," Kiewit Eastern maintains it may claim any contractual defense available to the joint venture itself.  Kiewit Eastern asserts that Pennsylvania partnership law would indemnify a member of a partnership in this situation, so joint venture participants should be indemnified as well.  Although generally courts have analogized joint ventures to partnerships,[17] we do not believe

_____

[16]. As a diversity case, we must predict how the Pennsylvania Supreme Court would decide these matters.  See Hon v. Stroh Brewery Co., 835 F.2d 510, 512 (3d Cir. 1987).  Because the Pennsylvania Supreme Court has not definitively spoken on many of these issues, we have looked to decisions of the intermediate Pennsylvania courts.  See Wisniewski v. Johns–Manville Corp., 759 F.2d 271, 273–74 (3d Cir. 1985) ("Although lower state court decisions are not controlling on an issue on which the highest court of the state has not spoken, federal courts must attribute significant weight to these decisions in the absence of any indication that the highest state court would rule otherwise.").

[17]. See West v. Peoples First Nat'l Bank & Trust Co., 106 A.2d 427, 431 (Pa. 1954) ("while a joint adventure is not the same as a partnership . . . a joint adventure does partake in many ways of the nature of a partnership, the principal difference being that it usually, though not necessarily, applies to a single transaction instead of being formed for the conduct of a continuing business"); Snellbaker v. Herrmann, 462 A.2d 713, 716 (Pa. Super. Ct. 1983) ("A joint venture partakes in many ways

that proposition dictates Kiewit Eastern be covered by the subcontract here. Pennsylvania decisions on joint ventures are sparse and it is unclear whether the state's courts would apply partnership law to the joint venture in this situation. Furthermore, application of partnership law would not mandate that L&R Construction defend and indemnify Kiewit Eastern, when Kiewit Eastern was not even named in the subcontract.

To support its contention, Kiewit Eastern cites cases holding partners liable to third parties for debts incurred by other partners on behalf of the partnership. See, e.g., McEvoy v. Grant, 153 A. 763 (Pa. 1931). Such a proposition comes as no surprise. Indeed, that doctrine -- holding partners individually liable for partnership debts -- lies at the heart of partnership law[18] and fundamentally distinguishes partnerships from corporations.[19] Pennsylvania courts have applied this principle

(..continued)
of a partnership . . . ."); see also 48A C.J.S. Joint Ventures § 5 (1981) (footnotes omitted) ("The relation of the parties to a joint venture is so similar to that in a partnership that their rights, duties, and liabilities are usually tested by partnership rules, and in numerous decisions it has been broadly held that both joint venture and partnership are governed by the same rules of law.").

[18]. See, e.g., 15 Pa. Cons. Stat. Ann. § 8327 (Supp. 1994) (holding partners liable for debts of the partnership, including debts incurred by individual partners); LaFountain v. Webb Indus. Corp., 759 F. Supp. 236, 242 n.3 (E.D. Pa.) ("Under Pennsylvania . . . law, a partner is individually liable for wrongs committed by the partnership."), aff'd, 951 F.2d 544 (3d Cir. 1991).

[19]. See, e.g., Board of Trustees of W. Conference of Teamsters Pension Trust Fund v. H.F. Johnson, Inc., 830 F.2d 1009, 1015 (9th Cir. 1987) (noting the "fundamental difference between corporations and partnerships" is "shareholders and officers enjoy limited liability; partners do not").

of partnership law to joint ventures.[20]  But here we are confronted not with joint venturers' liabilities under the law, but with their rights -- or lack thereof -- under a contract. That Kiewit Eastern may be burdened by the liabilities of Kiewit/Perini is the result of statutory and case law; that Kiewit Eastern may not benefit from the indemnity afforded Kiewit/Perini, however, is the result of contract.[21]

Thus, the law on joint ventures does not permit venture participants to claim all defenses available to the entity

---

[20].    See, e.g., Snellbaker, 462 A.2d at 716 ("Absent a limitation in the [joint venture] agreement, a joint venturer will be held responsible with his or her associates for the losses sustained by the enterprise."); Newlin Corp. v. Commonwealth of Pa., Dep't of Envtl. Resources, 579 A.2d 996 (Pa. Commw. Ct. 1990) (holding joint venturers liable for pollution emanating from a landfill owned by the joint venture), appeal denied, 588 A.2d 915 (Pa. 1991).

[21].    Other states' courts concur with this reasoning.  For example, in Azer v. Myers, 793 P.2d 1189, 1209 (Haw. Ct. App.), rev'd in part on other grounds, 795 P.2d 853 (Haw. 1990), the court held an indemnification clause inapplicable to a partner because it "applies to acts or omissions of the partnership, not to [defendant] Gromet's individual negligence while acting for the partnership."  Contrary to Kiewit Eastern's assertions, O'Brien & Gere Engineers, Inc. v. Taleghani, 504 F. Supp. 399 (E.D. Pa. 1980), does not require a different result.  In O'Brien, the plaintiff sought to hold defendants liable as "partners by estoppel," rather than under the written contracts between the parties.  The court held an individual could not be found liable for the business's debts, under the terms of the Pennsylvania "partner by estoppel" statute, without benefit of any defenses the company would have under the contract.  Id. at 401.  Thus, the courts in Azer and O'Brien agreed the terms of the relevant contracts should control an individual partner's rights, which is precisely what we have decided here. Furthermore, the O'Brien plaintiff was attempting to hold the defendant "liable for the business entity's debts," id.; in the present case, Kiewit Eastern is being sued for its own alleged negligence, not that of Kiewit/Perini.

itself. Certainly, Pennsylvania courts have not so held, and we decline to extend the law to permit such a claim in this case. But our decision does not require members of joint ventures to remain unguarded against potential liability. If joint venturers wish indemnity protection to cover themselves as well as the joint venture, they need only so specify in their contracts.[22]

Our holding here is consistent with Pennsylvania law governing indemnity contracts. Pennsylvania courts require that an indemnity agreement be strictly construed against the party asserting it.[23] In addition, if an agreement is ambiguous, it is to be construed "most strongly" against the party who drafted it.[24] Both maxims support our interpretation of the subcontract

[22]. Joint venturers, such as Kiewit Eastern, could ensure that any indemnity agreements for the joint venture specifically cover the venturers. The venturers also could limit their potential liability in the original agreement forming the venture. See Snellbaker, 462 A.2d at 716 ("The liability of a joint venturer for a proportionate part of the losses or expenditures of the enterprise may be fixed by the terms of the [joint venture] agreement."). Depending upon the terms of the relevant formation agreement here, Kiewit Eastern may have a claim for reimbursement against Kiewit/Perini for any damages it pays in the underlying tort suits. See 15 Pa. Cons. Stat. Ann. § 8331(2) (Supp. 1994) (subject to any agreement between the parties, "[t]he partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business").

[23]. See Phillippe v. Jerome H. Rhoads, Inc., 336 A.2d 374, 376 (Pa. Super. Ct. 1975); Lackie v. Niagara Mach. & Tool Works, 559 F. Supp. 377, 378 (E.D. Pa. 1983); cf. Topp Copy Prods., Inc. v. Singletary, 626 A.2d 98, 99 (Pa. 1993).

[24]. Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc., 171 A.2d 185, 189 (Pa. 1961) (if the meaning of an indemnity clause "is ambiguous or reasonably susceptible of two interpretations, it must be construed most strongly against the party who drew it"); cf. Hutchison v. Sunbeam Coal Corp., 519

as not requiring the defense and indemnification of Kiewit

Eastern.[25]

C.

Section 20 of the subcontract between L&R Construction

and Kiewit/Perini provides that "[i]n the event either party

institutes suit in court against the other party or against the

surety of such party, in connection with any dispute or matter

arising under this Subcontract, the prevailing party shall be

(..continued)
A.2d 385, 390 n.5 (Pa. 1986); Raiken v. Mellon, 582 A.2d 11, 13
(Pa. Super. Ct. 1990).

[25].        Kiewit Eastern notes that joint venturers are
considered agents and principals of the joint venture.  See Gold
& Co. v. Northeast Theater Corp., 421 A.2d 1151, 1153 n.1 (Pa.
Super. Ct. 1980) (citing 46 Am. Jur. 2d Joint Ventures § 1
(1969); McRoberts v. Phelps, 138 A.2d 439, 443 (Pa. 1958)).  As
an agent, Kiewit Eastern claims it is entitled to the benefits of
the joint venture's contracts with third parties, but it cites no
authority for that proposition.  We believe Kiewit Eastern
misinterprets the implication of the statements referring to
joint venturers as agents and principals.  Such statements merely
reiterate that each joint venturer has the right to participate
in both the creation and implementation of the joint venture's
policies.  See 46 Am. Jur. 2d Joint Ventures § 1 (1969) ("each
joint venturer shall stand in the relation of principal, as well
as agent, as to each of the other coventures, with an equal right
of control of the means employed to carry out the common purpose
of the venture").  Even if Kiewit Eastern were technically
considered Kiewit/Perini's "agent," we still would not be
permitted to "read in" Kiewit Eastern as a party to the
subcontract and thereby ignore the plain language of the
agreement.  See Restatement (Second) of Agency § 323 (1957) ("If
it appears unambiguously in an integrated contract that the agent
is a party or is not a party, extrinsic evidence is not
admissible to show a contrary intent . . . .").  As noted, the
subcontract in this case was unambiguous in stating it was "by
and between" L&R Construction and "Kiewit/Perini, A Joint
Venture," with only their representatives signing it.  See id. §
323 cmt. a ("The statement as to parties may appear either in the
body of the instrument or in the signature . . . .").

entitled to recover reasonable attorney fees in addition to any other relief granted by the court."[26] In this case, Kiewit/Perini has prevailed on at least some of its claims. Nevertheless, the district court denied its request for attorneys' fees against L&R Construction, holding that the request had not been properly raised.[27]

On appeal, Kiewit/Perini renews its call for attorneys' fees and costs from L&R Construction.[28] Although Kiewit/Perini concedes its summary judgment memorandum did not contain a separate section asking L&R Construction for attorneys' fees, it asserts it generally requested such fees in the memorandum. After reviewing the memorandum, we believe the district court did not err in concluding the issue had been waived. At most, Kiewit/Perini made vague references that could be construed only

---

[26]. Section 11 of the subcontract contains a similar provision: "The Subcontractor shall defend and indemnify the Contractor . . . from, any and all loss, damage, costs, expenses and attorneys' fees suffered or incurred on account of any breach of the aforesaid obligations . . . ."

[27]. The district court, in its initial ruling on the motions for summary judgment, stated that Kiewit/Perini had not sought attorneys' fees against L&R Construction, but only against CNA Insurance. Kiewit I, supra, at *9 n.5. In a motion to amend the judgment under Rule 59(e), Kiewit/Perini argued it had requested fees against L&R Construction in the summary judgment papers, and it renewed its claim for fees. The district court again rejected the request, explaining "[t]he issue of attorneys fees against L&R, whether or not sought in the pleadings, was not briefed and argued in the motion for summary judgment, which motion sought complete judgment." Kiewit II, supra, at *6.

[28]. Kiewit Eastern also claims a right to attorneys' fees and costs, but it clearly is not a "prevailing party," within the meaning of the subcontract.

in hindsight as seeking fees from L&R.[29]  See, e.g., Brickner v. Voinovich, 977 F.2d 235, 238 (6th Cir. 1992) (noting arguments not "adequately raised" in the district court are waived on appeal), cert. denied, 113 S. Ct. 2965 (1993).

Kiewit/Perini also claims it specifically included a request for attorneys' fees and costs from L&R Construction in its motion for summary judgment.  Yet, under local district court rules, "[e]very motion not certified as uncontested shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion."  E.D. Pa. R. Civ. P. 20(c).  As we have noted, this was not done.[30]

Finally, Kiewit/Perini points out that it briefed the issue of fees and costs against L&R Construction in a motion to amend the judgment under Rule 59(e), which the district court denied.  Courts often take a dim view of issues raised for the first time in post-judgment motions.  Generally, this is a decision within the sound discretion of the district court.  In

---

[29].    In that same memorandum of law, however, Kiewit/Perini devoted an entire subsection to the reasons it should receive attorneys' fees from CNA Insurance.

[30].    We have noted the importance of similar rules at the appellate level requiring that issues raised on appeal must be accompanied by supporting arguments.  See, e.g., Travitz v. Northeast Dep't ILGWU Health & Welfare Fund, 13 F.3d 704, 711 (3d Cir.) (citations omitted) ("Under Fed.R.App.P. 28(a)(5), an appellant is required to list the issues raised on appeal and present an argument in support of them.  When an issue is not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal."), cert. denied, 114 S. Ct. 2165 (1994).

this case, the issue of attorneys' fees and costs related to the contract dispute at the center of the summary judgment motions, but it was not adequately raised at the time.  Thus, we do not believe the district court abused its discretion in denying Kiewit/Perini's Rule 59(e) motion.

### III.

Having determined that L&R Construction owes Kiewit/Perini a duty of defense and conditional indemnification, we turn to the question whether the district court properly dismissed CNA Insurance from the case.  Once the district court ruled that the subcontract entitled Kiewit/Perini to a defense and indemnification, it dismissed the claims against CNA Insurance as moot.  Kiewit I, supra, at *8.  We believe a determination of the responsibilities of CNA Insurance is necessary, however, to resolve not only whether CNA Insurance must defend and indemnify Kiewit/Perini, but also whether it acted in bad faith in denying Kiewit/Perini's tenders of defense, thereby justifying an award of attorneys' fees and costs.[31]

### A.

Section 10 of the subcontract between Kiewit/Perini and L&R Construction provided:

> INSURANCE.  Prior to commencement of Work, Subcontractor shall procure and at all times thereafter maintain with insurers acceptable to Contractor the following minimum insurance protecting the

---

[31]. That CNA Insurance appealed from the district court's judgment, which dismissed the complaint against it as moot, demonstrates it continues to have a vital stake in the outcome of this proceeding.

Subcontractor, Owner and the Contractor against liability from damages because of injuries including death, suffered by persons, including employees of the Subcontractor . . . in connection with the performance of this Subcontract.

After the subcontract was signed, L&R Construction purchased from CNA Insurance a policy covering liability arising out of L&R Construction's incidental contracts. CNA Insurance concedes that this policy requires it to fulfill any duty to defend and indemnify that L&R Construction has under the subcontract.[32] Because we ruled that L&R Construction owes a duty to defend and conditionally indemnify Kiewit/Perini under the subcontract, see supra section II.A, it is evident that CNA Insurance now bears the same duty.[33]

### B.

Now that we have decided CNA Insurance must defend and conditionally indemnify Kiewit/Perini, the question arises as to whether it must reimburse Kiewit/Perini for its costs. To resolve this issue, we must consider the scope of the insurer's duty to defend:

[32]. Brief of Appellees/Cross Appellant CNA Insurance Company, at 43 ("CNA agrees, that if, an indemnification obligation arose from the language of the L&R-Kiewit/Perini subcontract, the coverage obligations of the L&R-CNA contractual liability coverage would trigger, i.e., CNA would have to fulfill the defense and indemnification obligations to which its insured had contractually agreed.").

[33]. Our resolution of this issue makes it unnecessary for us to determine whether Kiewit/Perini was an additional insured or a third-party beneficiary of the insurance policy between L&R Construction and CNA Insurance.

> Under Pennsylvania law, an insurance company is obligated to defend an insured whenever the complaint filed by the injured party may <u>potentially</u> come within the policy's coverage. The obligation to defend is determined solely by the allegations of the complaint in the action. The duty to defend remains with the insurer until the insurer can confine the claim to a recovery that is not within the scope of the policy.

<u>American States Ins. Co. v. Maryland Casualty Co.</u>, 628 A.2d 880, 887 (Pa. Super. Ct. 1993) (quoting <u>Pacific Indemnity Co. v. Linn</u>, 766 F.2d 754, 760 (3d Cir. 1985)) (citations omitted). Because CNA Insurance has failed to satisfy its duty to defend, Kiewit/Perini asserts it should be reimbursed for its costs incurred in defending the underlying tort suits and in bringing this declaratory judgment action.

First, we consider those costs that Kiewit/Perini already has incurred in defending itself from the personal injury claims made by Chen, the injured worker. As previously noted, CNA Insurance has conceded, if L&R Construction had a duty to defend and indemnify Kiewit/Perini, then CNA Insurance must fulfill that duty on behalf of L&R.[34] When an insurer erroneously denies its duty to defend, fulfillment of the duty requires the insurer to pay for any defense costs already incurred.[35] Such fees only can be awarded for services rendered

---

[34]. <u>See</u> <u>supra</u> note 32.

[35]. <u>See</u>, <u>e.g.</u>, <u>Carpenter v. Federal Ins. Co.</u>, 637 A.2d 1008, 1013 (Pa. Super. Ct. 1994) ("If a duty to defend is found on the part of an insurer, it is also the insurer's responsibility to pay for attorneys' fees and costs incurred by the insured in the underlying action."); <u>Imperial Casualty & Indem. Co. v. High Concrete Structures, Inc.</u>, 858 F.2d 128, 131

from the time "the duty to defend arose."  Heffernan & Co. v.

Hartford Ins. Co. of Am., 614 A.2d 295, 299 (Pa. Super. Ct.

1992).  Thus, because CNA Insurance had a duty to defend but

denied that duty, the insurer must reimburse Kiewit/Perini for

the costs it has incurred so far in defending the underlying tort

claims.

　　　　Second, we must determine whether Kiewit/Perini is

entitled to its costs in pursuing the present declaratory

judgment action.  For more than a decade, Pennsylvania courts

have permitted attorneys' fees in this situation, but only when

the insurer has acted in bad faith.[36]　　Carpenter v. Federal Ins.

(..continued)
n.2 (3d Cir. 1988) ("[i]f an insurer has a duty to defend a suit
and is requested to provide a defense, then that insurer is
clearly obligated to pay fees and costs incurred by the insured
in defending the suit," including reimbursing the insured for
fees and costs already paid).

[36].　　　Awards for the "bad faith" conduct of insurers appear
possible under at least two theories.  First, a 1990 Pennsylvania
statute permits an insured to bring an action for interest,
attorneys' fees, court costs, and punitive damages against an
insurer for its bad faith acts under an insurance policy.  42 Pa.
Cons. Stat. Ann. § 8371 (Supp. 1994).  Second, Pennsylvania
courts have long held that "an insured who is compelled to bring
a declaratory judgment action to establish his insurer's duty to
defend an action brought by a third party may recover his
attorneys' fees incurred in the declaratory judgment action if
the insurer has, in bad faith, refused to defend the action
brought by the third party."  Kelmo Enters., Inc. v. Commercial
Union Ins. Co., 426 A.2d 680, 685 (Pa. Super. Ct. 1981).  We do
not believe the statutory remedy is implicated here because
Kiewit/Perini has not brought a separate cause of action for
damages, but has merely claimed the fees incidental to this
declaratory judgment suit.  See, e.g., Asplundh Tree Expert Co.
v. Pacific Employers Ins. Co., Civ. A. No. 90-6976, 1991 WL
147461, at *5-10 (E.D. Pa. July 25, 1991) (distinguishing between
claims brought under the Pennsylvania statute and those sought
under the Kelmo rationale); Liberty Fish Co. v. Home Indem. Co.,
Civ. A. No. 89-5201, 1990 WL 161139, at *1 (E.D. Pa. Oct. 18,

Co., 637 A.2d 1008, 1013 (Pa. Super. Ct. 1994) (citing First Pa. Bank v. National Union Fire Ins. Co., 580 A.2d 799, 803 (Pa. Super. Ct. 1990)) ("an insured who is compelled to bring a declaratory judgment action to establish his insurer's duty to defend an action brought by a third party may recover attorneys' fees if the insurer has, in bad faith, refused to defend the action brought by the third party"). See also Kelmo Enters., Inc. v. Commercial Union Ins. Co., 426 A.2d 680, 685 (Pa. Super. Ct. 1981); Pacific Indem. Co. v. Linn, 766 F.2d 754, 769 (3d Cir. 1985). As the court stated in Carpenter, 637 A.2d at 1013, "[t]o compel appellees to expend thousands of dollars to enforce their contractual right to a defense and indemnification would fly in the face of equity."

The language of some of these decisions, however, seems to limit this award of costs to an "insured" against its insurer. In this case, Kiewit/Perini may not be an "insured" of CNA Insurance.[37] But we believe such a distinction does not matter here because an award of fees does not rest on a contract between the parties. As this court stated in Trustees of University of Pennsylvania v. Lexington Insurance Co., 815 F.2d 890, 910-11 (3d. Cir. 1987):

(..continued)
1990) ("The allegations of bad faith are not put forth as a separate claim for damages, but seek the incidental award of attorneys' fees.").

[37]. As we have noted, we decline to decide whether Kiewit/Perini is an additional insured or a third-party beneficiary of the insurance contract between CNA Insurance and L&R Construction. See supra note 33.

> Although the Kelmo court purported to connect its holding to a contract analysis, the holding truly rested on a quasi-tort view that attorneys' fees represent compensation for an insurer's violation of its obligation to act in good faith.  The mere contractual obligation of the insurer to pay for the costs of defending its insured does not include the obligation to pay for the insured's suit against its insurer.[38]

In this case, as we have already found, CNA Insurance owed Kiewit/Perini the duty to defend, and CNA Insurance breached that duty.  As a result of the breach, Kiewit/Perini was forced to defend itself in the underlying tort suits and incur the expense of bringing this declaratory judgment action.  We are satisfied the necessary "quasi-tort" elements exist here to permit the possibility of an award of costs and attorneys' fees to Kiewit/Perini.  Therefore, we remand this case to the district court to determine whether CNA Insurance acted in "bad faith" so as to justify an award of costs and attorneys' fees arising out of this declaratory judgment action.  The district court should also determine the fees and costs to which Kiewit/Perini is entitled for defending itself in the underlying tort suits.[39]

---

[38].    See also Liberty Fish Co. v. Home Indem. Co., Civ. A. No. 89-5201, 1990 WL 161139, at *1 (E.D. Pa. Oct. 18, 1990) (in Lexington Insurance, "the Third Circuit emphasized that its holding was not based on the particular contractual obligations involved, but rested instead on the general principle of tort that reimbursement is due where expenses are incurred as the result of the fault of another").

[39].    The district court should award only those fees and costs related to Kiewit/Perini's claims.  Since neither L&R Construction nor CNA Insurance has a duty to defend or indemnify Kiewit Eastern, the fee award should not include any costs attributable to Kiewit Eastern.

IV.

Overall, we believe that L&R Construction and CNA Insurance have a duty to defend and conditionally indemnify Kiewit/Perini, but not Kiewit Eastern. We remand to the district court to determine whether the insurance company's actions rise to the level of "bad faith." In any event, CNA Insurance must reimburse Kiewit/Perini for the costs and fees it has incurred in defending itself against the underlying tort claims. In all other respects, we will affirm the district court.