**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 06-4563/08-1226/1424

———————

STROHL SYSTEMS GROUP INC; MYLES L. STROHL,

Appellants in 08-1424

v.

WILLIAM FALLON,

Appellant in 06-4563 and 08-1226

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
( D. C. No. 05-cv-00822 )
District Judge:  Hon. J. William Ditter

———————

Submitted under Third Circuit LAR 34.1(a)
on May 12, 2009

Before:  AMBRO, ROTH and ALARCÓN*, Circuit Judges

(Opinion filed: March 30, 2010)

———————

O P I N I O N

———————

*Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth Circuit,
sitting by designation.

**ROTH**, Circuit Judge:

William Fallon (Fallon) appeals the District Court's order granting summary judgment in favor of Strohl Systems Group, Inc. (the Company) and Myles Strohl (Strohl). Strohl and the Company filed suit against Fallon, a former employee, for breach of contract, alleging that Fallon violated a confidentiality agreement by disclosing sensitive information to the heir, Albert Taylor (Albert), of a deceased shareholder, Martin Taylor (Martin). We assume the parties' familiarity with the facts and record of prior proceedings, to which we refer only as necessary to explain our decision. For the reasons given below, we now affirm the District Court's order granting summary judgment in favor of Strohl and the Company and denying summary judgment in favor of Fallon.[1]

We agree with the District Court that Albert was "unrelated to" or "unaffiliated with" Strohl Systems. Therefore, when Fallon disclosed the information memorandum to Albert, he violated the confidentiality provisions of the subscription and investment agreements that prohibited such disclosure. Simply being an heir to a shareholder is not sufficient to establish that Albert was entitled to possession of the confidential information, particularly because Fallon and Albert both knew that the transferability of

---

[1] Our review of a District Court's grant of summary judgment is plenary. *See Kiewit E. Co., Inc. v. L & R Const. Co., Inc.*, 44 F.3d 1194, 1198 (3d Cir. 1995). Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

2

Martin's shares was limited and that Martin's estate was already negotiating a buy-back price with the Company.[2]

We also agree with the District Court that the contractual remedy for breach of confidentiality does not constitute an unlawful penalty. Under Pennsylvania law, liquidated damages clauses are permitted in situations where, as here, actual damages would be difficult to estimate in advance or to prove after a breach occurs. *See Pantuso Motors, Inc. v. Corestates Bank, N.A.*, 798 A.2d 1277, 1282 (Pa. 2002). The remedy, a forced sale of the breaching investor's shares to the Company and other shareholders at 50% of their appraised value, was reasonable at the time the contract was formed in light of the probable losses resulting from a breach. *See In re Plywood Co. of Pa.*, 425 F.2d 151, 155 (3d Cir. 1970). Because Fallon purchased his shares when the Company was a small start-up, any harm from a breach of the confidentiality agreement could have been disastrous.

We will not address Fallon's additional claims of error as they are wholly without merit and adequately covered in the District Court's December 2007 Memorandum. We also reject Strohl Systems and Strohl's cross-appeal. We agree with the District Court's determination that Strohl should have included a provision in the subscription agreement that froze dividend payments during any litigation concerning the buy-back provision

---

[2] The Company and each shareholder of the Company were entitled to the right of first refusal to purchase any shares to be sold by an investor.

3

until the stock surrender if it had wanted to prevent such payments to breaching shareholders. As the District Court notes, Strohl Systems benefitted from Fallon's continued capital in the company during the time period in question.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment in favor of Strohl Systems and Strohl and denying summary judgment in favor of Fallon.