CONCORD INDUSTRIES, INC., Plaintiff,

v.

K.T.I. HOLDINGS, INC., K.T.I. Energy, Inc., Kuhr Technologies, Inc., and Public Service of New Hampshire, Defendants.

No. CV 87–2393.

United States District Court, E.D. New York.

May 9, 1989.

Schechter, Schechter & Kenny by Joel M. Markowitz, Smithtown, N.Y., for plaintiff.

Meyer, Suozzi, English & Klein by Lois Carter Schlissel, Mineola, N.Y., for defendants KTI Holdings Inc., KTI Energy, Inc. and Kuhr Technologies, Inc.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

The present contract dispute arises out of a transaction between plaintiff-Concord Industries, Inc. ("Concord") and K.T.I. Holdings, Inc., K.T.I. Energy, Inc. and

Kuhr Technologies, Inc.[1] Based on 28 U.S.C. § 1332, the Court retains subject matter jurisdiction. Pursuant to Fed.R.Civ.P. 12(b)(6) defendants move to dismiss. By order dated March 28, 1989, the Court converted defendants' motion to one for summary judgment.

## FACTS

Plaintiff is in the business of transporting waste materials, including but not limited to, refuse derived fuels ("RDF"). Defendants KTI Energy Inc. and Kuhr Technologies, Inc. are wholly owned subsidiaries of KTI Holdings, Inc., and the three defendants (hereinafter collectively referred to as "KTI") are in the business of purchasing and selling RDF.

In late May and early June of 1987, plaintiff and KTI attempted to negotiate a contract pursuant to which Concord would transport by truck several thousand tons of RDF from Maryland and Maine to New Hampshire. Concord contends that a contract was entered into on May 29, 1987. KTI alleges that no agreement was reached.

It is undisputed, however, that KTI paid Concord $75,000 to transport a certain amount of RDF. Eventually, KTI refused to pay any more money to Concord.

In the complaint, Concord alleges that pursuant to a valid contract it transported RDF for the benefit of KTI, and that it has performed services for which it has not been compensated. Specifically, plaintiff alleges that KTI is indebted to them for $322,912. In this action, plaintiff seeks recovery of this sum of money.

## DISCUSSION

A court may grant summary judgment only if "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). On a motion for summary judgment, "inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Donahue v. Windsor–Locks Bd. of Fire Commissioners*, 834 F.2d 54, 57 (2d Cir.1987).

Solely for purposes of this motion, defendants concede that the parties entered into a valid agreement. However, defendants argue that even assuming the existence of a valid contract, plaintiff cannot recover because the "contract" is unenforceable. Motor carriers who engage in interstate transportation must obtain a license from the Interstate Commerce Commission ("ICC"). 49 U.S.C. § 10921—§ 10925. Plaintiff points out that Concord is not and was not licensed by the Interstate Commerce Commission as an authorized common carrier or as an authorized transportation broker. Lacking such a license, defendants contend that any contract entered into by Concord to transport RDF in interstate commerce is illegal, void, and unenforceable.

It is a principle of blackletter law that an unlawful contract cannot be enforced. *See Kaiser–Frazer Corp. v. Otis & Co.*, 195 F.2d 838, 843 (2d Cir.1952). *But see Contemporary Mission, Inc. v. Bonded Mailings*, 671 F.2d 81, 83–84 (2d Cir.1982) (contracts only indirectly related to illegal conduct are valid). However, when a congressional statute provides specific penalties for violations, a court should not affix the additional sanction of rendering a private contract void unless the legislative history evinces such an intent; it is inappropriate to add judicially to the remedies provided by the statute. *See Kelly v. Kosuga*, 358 U.S. 516, 519, 79 S.Ct. 429, 431, 3 L.Ed.2d 475 (1959); *Bruce's Juices, Inc. v. American Can Co.*, 330 U.S. 743, 755, 67 S.Ct. 1015, 1020–21, 91 L.Ed. 1219 (1947); *May Dept. Stores Co. v. First Hartford Corp.*, 435 F.Supp. 849, 853–854 (D.Conn.1977).

In this case, there was nothing intrinsically illegal about the contract between Concord and KTI. The alleged statutory violation is only a technical one; Concord failed to obtain a permit to transport the

---

1. Plaintiff has elected not to prosecute against the Public Service of New Hampshire.

**730**

RDF in interstate commerce. *See* 49 U.S.C. §§ 10921—10925. Whether violations of these technical sections of the Interstate Commerce Act (the "Act") void private contracts is a *question of first impression.*

The Interstate Commerce Act established the ICC to regulate interstate commerce, *see* 49 U.S.C. § 10301, and the Act provides the ICC with the power to impose penalties for violations. 49 U.S.C. § 10321. Certain sections of the Act have been found to partially void private contracts. For example, a tariff rate established in accordance with the Act is the legal rate. Thus, if after a valid contract is entered into, the official tariff rate is lowered, then the contract's tariff rate is voided and the newly established rate becomes the contract rate. *See Louisville & Nashville Railroad Company v. Mottley*, 219 U.S. 467, 480–486, 31 S.Ct. 265, 269–272, 55 L.Ed. 297 (1911); *Farley Terminal Co. v. Atchison T & S.F.RY Co.*, 522 F.2d 1095, 1098–1099 (9th Cir.1975); *Consolidated Rail Corp. v. Standard Milling Co.*, 508 F.Supp. 277, 279 (W.D.N.Y.1981).

However, the Court has found no case which states that a violation of a provision of the Act voids completely the enforceability of a private contract. For example, in *ETS–Hokin & Galvan, Inc. v. Maas Transport, Inc.*, 380 F.2d 258 (8th Cir.1967), the Court of Appeals for the Eighth Circuit rejected the contention that a contract was unenforceable because the plaintiff had not filed an interstate tariff as required by the Act; a review of the statutory provisions, the court stated, revealed no congressional intention to void private contracts. *ETS–Hokin & Galvan Inc. v. Maas Transport, Inc.*, 380 F.2d at 261.

In this case, defendants rely on 49 U.S.C. §§ 10921—10925 to void the contract. These sections require that interstate carriers acquire a license. A careful examination of the licensing provisions of the Interstate Commerce Act reveals no congressional intent to voiding private contracts for violations of these provisions. Plaintiff may be susceptible to the imposition of penalties by the ICC, but this Court will not affix the additional penalty of voiding a private contract freely entered into by both parties.

CONCLUSION

Defendants' motion for summary judgment is denied.

SO ORDERED.