

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2005

# Roadmaster (USA) v. Calmodal Freight Sys

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3970

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Roadmaster (USA) v. Calmodal Freight Sys" (2005). *2005 Decisions.* Paper 342.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/342

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 04-3970 and 04-3995

ROADMASTER (USA) CORP.,
a New Jersey Corporation,
Appellant/Cross-Appellee

v.

CALMODAL FREIGHT SYSTEMS, INC.,
Appellee/Cross-appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. No. 01-CV-1364)
District Court Judge: Honorable Garrett E. Brown

Argued September 29, 2005

Before: ALITO and AMBRO, <u>Circuit Judges</u>, and RESTANI,[*] <u>Judge</u>

(Opinion Filed: October 26, 2005)

GREGORY A. LOMAX (Argued)
DREW WIXTED
Wolf, Block, Schorr and Solis-Cohen

---

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation

1940 Route 70 East, Ste 200
Cherry Hill, NJ 08003
Counsel for Appellant/Cross-Appellee

GEORGE W. WRIGHT (Argued)
George W. Wright & Associates
401 Continental Avenue
Hackensack, NJ 07601
Counsel for Appellee/Cross-Appellant

_____

OPINION OF THE COURT
_____

PER CURIAM:

Before us are an appeal and cross-appeal from a judgment entered after a bench trial. We affirm.

I.

Roadmaster, an importer, sued Calmodal, claiming that Calmodal breached an oral agreement dealing with the interstate transport of goods. At trial, Roadmaster argued that Calmodal acted as an interstate carrier, rather than as a broker, as defined by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 13102. Under the statute, it was necessary for Roadmaster to prove that Calmodal was an interstate carrier rather than a broker in order to recover the damages it alleged. See, e.g., Graham v. Malone Freight Lines, Inc., 314 F.3d 7, 15 (1st Cir. 1999) (transportation broker is not liable for the negligence of the trucker it hires as independent contractor). The District Court, finding that Calmodal did not act as an interstate carrier, held in Calmodal's favor.

2

In doing so, the Court cited testimony by Calmodal's president that he had merely "arrang[ed]" for but had not "provid[ed]" insterstate transportation. A15-16.

Calmodal counterclaimed, seeking compensation for unpaid invoices submitted to Roadmaster from March 2000 through January 2001. On this issue, the District Court found that Roadmaster indeed owed Calmodal some money, but found no evidence that Calmodal's damage calculation of $238,165.81 was correct. Because Calmodal could not provide a reliable accounting of its damages, the Court turned to the testimony of Roadmaster's Chief Financial Officer and Controller, who admitted that Roadmaster had not paid all of Calmodal's invoices, and testified that Roadmaster held back $129,269.50 against its damage claim. Based on this testimony, the District Court held that Roadmaster was liable for $129,269.50.

Roadmaster filed a timely motion to amend the Court's findings of fact and conclusions of law pursuant to Fed R. Civ. P. 52(b). Roadmaster argued that, if Calmodal did not act as an interstate carrier, it must have acted as a broker and that if Calmodal acted as a broker, it did so without a license, violating 49 U.S.C. § 13901 and thus rendering the contract illegal and unenforceable. The District Court denied Roadmaster's motion, chastising Roadmaster for "taking [the] Court's findings of fact out of context." A-22. Both Roadmaster appealed and Calmodal cross-appealed.

II.

We review the District Court's denial of the Rule 52(b) motion under an abuse of discretion standard. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d

3

669, 673 (3d Cir. 1999). Fed R. Civ. P 52(b) states that "[o]n a party's motion . . ., the court may amend its findings - or make additional findings - and may amend the judgment accordingly." The purpose of this rule is to allow the court to correct plain errors of law or fact, or, in limited situations, to allow the parties to present newly discovered evidence. See Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003). Here, Roadmaster presented no new evidence, and the Court saw no errors to correct. Given that Roadmaster based its reconsideration argument on the "implications" it drew from the wording of the District Court's own findings, it is well within the Court's broad discretion to clarify that Roadmaster's interpretation was incorrect. We therefore conclude that the District Court did not abuse its discretion by denying Roadmaster's Rule 52(b) motion.

## II.

Throughout the bench trial, Roadmaster argued that, because it contracted with Calmodal as an interstate motor carrier (and not as a broker), Calmodal was liable for the value of the goods transported. Only after the District Court found that Calmodal was not a carrier did Roadmaster argue, as it does in this proceeding, that the contract was invalid because Calmodal acted as an unlicensed broker. We hold that Roadmaster has waived this argument because it failed to present it to the District Court. This Court generally does not consider issues that are raised for the first time on appeal. Frank v. Colt Industries, Inc., 910 F.2d 90, 100 (3d Cir. 1990). Roadmaster claims to have presented the issue prior to its Rule 52(b) motion, but an examination of the record of proceedings

4

reveals nothing of the sort. See id.; Kiewit Eastern Co., Inc. v. L & R Construction Co., Inc., 44 F.3d 1194, 1203-04 (3d Cir. 1995) (upholding a district court's finding that a party had waived an issue when memoranda made only vague references to the issue). Thus, by failing to properly raise this argument before the District Court, Roadmaster waived this argument.

Even if Roadmaster had not waived the right to present the issue, its argument lacks merit. Roadmaster seeks to invalidate the contract between itself and Calmodal as illegal, and therefore unenforceable, because Calmodal allegedly violated the Interstate Commerce Act by acting as a broker without a license. However, the Act provides a specific penalty for brokers operating without a license. See 49 U.S.C. § 14901(a) (providing that a person that "does not comply with section 13901 ... is liable to the United States for a civil penalty of not less than $500 for each violation and for each additional day the violation continues). It is inappropriate to "add judicially to the remedies" by rendering a private contract void when a congressional statute provides specific penalties for violation. See Kelly v. Kosuga, 358 U.S. 516, 519 (1959) (holding that a promisor may not avoid performing a legal promise because he elsewhere violated the Sherman Act); Concord Industries, Inc. v. K.T.I. Holdings, Inc., 711 F. Supp. 728, 729 (E.D.N.Y. 1989). Because the subject matter of the Roadmaster-Calmodal contract is legal, it is controlled by Kosuga. See Northern Indiana Public Service Co. v. Carbon County Coal Co., 799 F.2d 265, 273 (7th Cir. 1986) (declining to void a contract for illegality because the subject matter of the contract was not illegal).

5

IV.

Calmodal also appeals the District Court's damage award of $129,269.50.  We

review the District Court's calculation of Calmodal's damages for clear error.  See

Lerman v. Joyce Intern., Inc., 10 F.3d 106, 113 (3d Cir. 1993).

Damages must be proven to a reasonable degree of certainty,  though absolute

precision is not required. Berg Chilling Systems, Inc. v. Hull Corp. 369 F.3d 745, 764 (3d

Cir. 2004) (internal citations omitted).  Considering the evidence presented at trial,

$129,269.50 in damages remains the most reliable calculation available.  Calmodal

cannot convincingly show that Roadmaster owes a different amount, and we therefore

affirm.