

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2004

# Bowser v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1629

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bowser v. Comm Social Security" (2004). *2004 Decisions.* Paper 1112.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1112

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1629
_____

JAMES W. BOWSER,

Appellant

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the Western District of Pennsylvania

District Court Judge: The Honorable Arthur J. Schwab
(D.C. No. 02-cv-00220E)
_____
Submitted Under Third Circuit L.A.R. 34.1(a)
October 23, 2003

Before: ALITO, FUENTES and BECKER, Circuit Judges.

(Opinion Filed: January 6, 2004)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Appellant, James Bowser, appeals the decision of the United States District Court

for the Western District of Pennsylvania, affirming the final decision of the

Commissioner of Social Security that Bowser is not entitled to disability insurance

benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433. Our review is limited to determining whether the Commissioner's final decision was supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). We now affirm the District Court's decision.

## I.

Bowser applied for DIB on December 23, 1998, alleging disability since June 12, 1997 due to a herniated disc, constant back pain, and difficulty walking, standing and sitting. His claim was denied at the initial and reconsideration levels of administrative review. On February 17, 2000, a hearing was held before an ALJ, who found that Bowser was disabled. On May 19, 2000, the Appeals Council referred the case for review on its own motion. On September 15, 2000, the Appeals Council found that the ALJ's decision was not supported by substantial evidence, vacated the decision, and remanded the case to the ALJ for further action.

After a second administrative hearing on March 14, 2001, the ALJ found that, despite his impairments, Bowser was capable of making a vocational adjustment to a significant number of jobs in the national economy. Therefore, the ALJ found that Bowser was not disabled under the Act. See 20 C.F.R. § 404.1520 (2002). The Appeals Council affirmed this decision, making it the final decision of the Commissioner. Bowser then brought an action in the District Court. Bowser and the Commissioner filed cross-motions for summary judgment. On February 7, 2003, the District Court granted the Commissioner's motion for summary judgment. Bowser now appeals this decision.

## II.

Bowser first argues that the ALJ did not base his decision on a complete record of Bowser's medical history because the record did not contain certain notes made by his treating physician, Dr. Rezaian, from October 14, 1994 to November 15, 1995.  Although Bowser referred to the missing treatment notes in a footnote to his District Court brief, he did not argue to the District Court that their absence made the record incomplete.  See Kiewit Eastern Co., Inc. v. L & R Construction Co., Inc., 44 F.3d 1194, 1203-04 (3d Cir. 1995) (upholding a district court's finding that a party had waived an issue when the summary judgment memorandum made only vague references to the issue); see also Supp. App. at 27-41.  We conclude that because Bowser failed to properly raise this argument before the District Court, he waived his right to do so on appeal.

Even if Bowser had not waived this right, we cannot find that the ALJ's decision was based on an incomplete administrative record since the record contained several other reports in which Dr. Rezaian summarized his findings from this period.  App. at 380-81, 390-91, 430.  We therefore find that, in rendering his decision, the ALJ had access in the record to all information pertaining to Dr. Rezaian's treatment of Bowser during the relevant time period.

## III.

Bowser also argues that, in light of the different conclusions reached by the ALJ after the first and second hearings, the ALJ failed to adequately review the record and explain how he weighed conflicting evidence in the second hearing to decide the issue of Bowser's "residual functional capacity."  We agree with the District Court, however, that

the ALJ's final decision was based on substantial evidence.

At the first hearing, the ALJ based his finding as to Bowser's disability almost entirely on the medical opinion and treatment notes of Dr. Rezaian. However, the District Court agreed with the conclusion of the Appeals Council that "the ALJ had neglected to consider other contradictory medical evidence of record." Dist. Ct. Op. at 7. This evidence included testimony from a second physician, who made a diagnosis conflicting with that of Dr. Rezaian after conducting an independent examination of Bowser and reviewing his medical records. See Dr. Ronan Evaluation, App. at 363-64, 366-67. Further evidence was offered at the second hearing by the medical expert, who also disagreed with Dr. Rezaian's diagnoses after reviewing Bowser's medical records, and two medical consultants from the state agency, who reviewed all of the evidence in the file and testified as to Boswer's residual functional capacity to lift, stand and sit. See Dr. Balk Testimony, App. at 75-78; Drs. Ramakumar and Le Report, App. at 382-89; see also Dist. Ct. Op. at 8-9.

The opinion of a treating physician as to the nature and severity of an impairment is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the] case record . . . ." 20 C.F.R. § 404.1527(d)(2). Further, an ALJ must consider findings of state agency medical consultants as opinion evidence, except for the ultimate determination as to whether a claimant is disabled. Dist Ct. Op. at 21, citing 20 C.F.R. § 404.1527(f)(2)(i). After considering all of the objective medical evidence in the record, "the ALJ rejected Dr. Rezaian's diagnoses and medical opinion as

to disability, and found that the weight of the evidence supported a finding that [Bowser] was not disabled from performing light duty work with a sit/stand option." Dist. Ct. Op. at 9. Unlike the ALJ's first decision, which was based solely on Dr. Rezaian's opinions without consideration of contradictory medical evidence in the record, the ALJ's final decision as to Bowser's disability was supported by substantial evidence. App. at 397-401. We therefore affirm the decision of the District Court on this issue.

## IV.

Finally, in deciding whether Bowser would be capable of performing other available work in the national economy, the ALJ asked a vocational expert ("VE") to assume a hypothetical individual with Bowser's vocational characteristics who was limited to light work with a sit/stand option. App. at 83. The VE testified that such an individual would be capable of working in a variety of jobs, at either the light or sedentary level, in the national economy. App. at 83-84. Based on this testimony, the ALJ found that Bowser was capable of making a vocational adjustment to a significant number of jobs in the national economy and, therefore, that Bowser was not disabled within the meaning of the Act. App. at 22.

Bowser argues that the VE's testimony was based on a hypothetical question that did not reflect all of Bowser's functional limitations. We disagree. As discussed above, the District Court properly concluded that the record as a whole supported the ALJ's assessment of Bowser's residual functional capacity. Dist. Ct. Op. at 22. The ALJ accounted for all of Bowser's functional limitations that were supported by the record in his assessment of Bowser's residual functional capacity and in his related hypothetical

question to the VE.

Under <u>Plummer v. Apfel</u>, 186 F.3d 422, 431 (3d Cir. 1999), this Court held that a VE's testimony in response to a hypothetical question that "fairly set forth every credible limitation established by the physical evidence" was substantial evidence of a non-disability.  Accordingly, we agree with the District Court's reasoning that "because the ALJ could properly rely on the state agency's consultants' evaluation of plaintiff's [residual functional capacity], . . . the hypothetical question to the VE limiting plaintiff to light work with a sit/stand option was substantial evidence in support of his finding that there was such work available to [Bowser] in the national economy."  Dist. Ct. Op. at 22-23.  We therefore affirm the District Court's conclusion that Bowser was capable of making a vocational adjustment to a significant number of jobs in the national economy and, therefore, that Bowser was not disabled within the meaning of the Act.

We conclude that the Commissioner's final decision was supported by substantial evidence.  Accordingly, for the reasons stated above, we affirm the judgment of the District Court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/   Julio M. Fuentes

Circuit Judge