NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4149
_____

MICHAEL A. CARROLL,

Appellant,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 08-cv-960)
District Judge:  Hon. Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
October 6, 2010

Before:  FUENTES, JORDAN and ALDISERT, *Circuit Judges*.

(Filed: October 21, 2010)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Appellant Michael Carroll appeals the order of the United States District Court for the District of Delaware granting the Commissioner's motion to dismiss Carroll's suit for review of the denial of his disability benefits. For the reasons that follow, we will affirm.

## I.       Background

Carroll filed an application for disability insurance benefits on November 1, 1994.[1] That application was denied on October 15, 1997, but Carroll succeeded in challenging the denial and his case was remanded by the District Court on September 1, 1999, for further administrative consideration. Carroll's application was again denied on February 14, 2001, and again remanded on December 5, 2003. Contemporaneous with that second remand, Carroll filed a new application for both social security disability insurance and supplemental security income.[2] Pursuant to 20 C.F.R. §§ 404.952 and 416.1452, the remanded claim (the "Remanded Claim") and the new claims (the "New Claims") were consolidated for administrative review, and on August 12, 2008, an administrative law judge ("ALJ") issued a single opinion denying both claims. The

[1]Because the Appellate Record does not include Carroll's applications for disability, we take these facts from the District Court's opinion.

[2]While both supplemental security income ("SSI") and social security disability insurance ("SSDI") provide benefits to disabled persons, under SSI, eligibility for benefits and the amount of benefits are based on financial need, 20 C.F.R. § 416.1100, whereas, for SSDI, eligibility and the amount of benefits are based on credits earned for prior Social Security taxable work. 20 C.F.R. § 404.101.

ALJ's decision was mailed to Carroll on August 18, but, because he was transient at the time, he did not receive it until September 11, 2008.

Along with the ALJ's decision, Carroll received notice of his appeal rights. He was informed that he could file exceptions to the decision with the Appeals Council within thirty days and that the Appeals Council could also, on its own motion, review his claim within sixty days. If neither happened, however, the decision of the ALJ would "become the final decision of the Commissioner after remand on the 61st day after the date of this notice." The notice went on to say that Carroll would then have the right, during the next sixty days, to file an action in federal court seeking review of the ALJ decision.

Carroll did not file written exceptions to the decision, and the Appeals Council did not choose to exercise review. As a result, on October 12, 2008, the ALJ's decision became final, and Carroll had until December 11, 2008, to bring a civil action in federal district court.[3]

On December 19, 2008, Carroll filed a civil action in the District Court. On June 10, 2009, the Commissioner filed a motion to dismiss, arguing that the action was filed eight days late, and was, therefore, barred. The District Court agreed, and on August 13, 2009, granted the Commissioner's motion to dismiss.

---

[3]There is a discrepancy between the calculation of the sixty-day period by the parties and by the District Court. We adopt the District Court's calculation, but note that the choice has no impact on the outcome of our decision.

On September 3, 2009, Carroll filed a motion for reargument in the District Court, which was denied on March 12, 2010. On October 21, 2009, he filed an appeal with this Court, which was stayed pending disposition of his motion for reargument in the District Court. That motion having been denied, we now consider Carroll's appeal.

## II.    Discussion

On appeal, Carroll raises two arguments. First, he says that his suit was not late because, among other reasons, he did not receive the ALJ's decision until September 11, 2008, thus delaying the trigger for the 60 day filing period. Second, he argues that claims after remand follow a different appeal procedure than new claims, but that, even though his New Claims were at issue along with his Remanded Claim, he was only offered the appeal procedure for claims after remand. Accordingly, he argues that "he should be allowed to [appeal the New Claims] whether or not the appeal regarding the timeliness of the complaint is decided against him." (Appellant's Opening Brief at 11.) That second argument was not raised before the District Court during its consideration of the motion to dismiss but was raised for the first time during Carroll's motion for reargument.

With respect to Carroll's first argument, because we agree with the District Court's analysis, we affirm without further discussion the holding that Carroll's action was, in fact, filed late. We therefore restrict our discussion to Carroll's second argument – not initially raised before the District Court – that he should still be permitted to appeal the New Claims because he was not offered the appropriate appeals procedure.

4

As we have often explained, "[o]ur Circuit adheres to 'a well established principle that it is inappropriate for an appellate court to consider a contention raised on appeal that was not initially presented to the District Court." *Lloyd v. HOVENSA*, LLC, 369 F.3d 263, 272-73 (3d Cir. 2004); *see also Medical Protective Co. v. Watkins*, 198 F.3d 100, 105 n.3 (3d Cir. 1999); *Gass v. Virgin Islands Tel. Corp.*, 311 F.3d 237, 246 (3d Cir. 2002); *Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994). A similar rule applies where the argument is first raised during a motion for reargument. *See Pittston Co. Ultramar Am. Ltd. v. Alliance Ins. Co.*, 124 F.3d 508, 519 (3d Cir. 1997) (declining, on appeal, to consider an argument first raised during a motion for reargument); *see also Kiewit Eastern Co., Inc. v. L & R. Const. Co. Inc.*, 44 F.3d 1194, 1204 (3d Cir. 1995) (explaining that "[c]ourts often take a dim view of issues raised for the first time in post-judgment motions" and that it is in the District Court's sound discretion to refuse consideration).

Despite the general rule, we have discretion to hear an otherwise waived argument, but we do so "only in 'exceptional circumstances' such as where ... 'manifest injustice would result from the failure to consider such issues.'" *Huber v. Taylor*, 469 F.3d 67, 84 (3d Cir. 2006) (quoting *In re Gen. DataComm Indus.*, 407 F.3d 616, 624 n.13 (3d Cir. 2005)). We have previously held that "where there is a denial of due process, there is 'manifest injustice' as a matter of law." *United States v. Crusco*, 536 F.2d 21, 26 (3d Cir. 1976). Thus, while Carroll does not frame his argument in due process terms, we

5

consider briefly whether the alleged failure to allow him separate appeal procedures for his New Claims and his Remanded Claim amounts to a due process violation.

While it is not clear whether the Social Security Administration's regulations actually provide for separate appeals procedures in circumstances like Carroll's,[4] for the sake of considering a possible due process violation, we assume that they do. We conclude, however, that even if a separate procedure should have been applied to Carroll's New Claims, the Commissioner's failure to offer that procedure is not a due process violation because the procedure the Commissioner did offer meets the minimum requirements for due process.

The Supreme Court has stated that due process requires "notice and an opportunity to be heard before the Government deprives [a person] of property." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993). Under the procedure for appealing remanded claims – offered to Carroll – an applicant is given thirty days to file exceptions to an ALJ's decision. 20 C.F.R. § 404.984(b)(1). If they do not do so, and if the Appeals Counsel does not review the decision on its own motion, then the decision becomes final and the applicant is given the opportunity to seek review from a federal district court. 42 U.S.C. § 405(g). The notice sent to Carroll clearly informed him of

---

[4]While Carroll correctly notes that the Social Security Administration regulations provide separate procedures for appealing denial of a claim after remand and for appealing denial of a new claim, *compare* 20 C.F.R. § 404.967, *with* 20 C.F.R. § 404.984, the regulations also allow consolidation of such claims. 20 C.F.R. §§ 404.952, 416.1452. They are silent, however, on whether the appeal of consolidated claims is likewise consolidated and, if so, which appeal procedure it follows.

those procedures. There can be no doubt, therefore, that Carroll was given "notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and [to] afford [him] an opportunity to present [his] objections."[5] *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Carroll simply failed to exercise that right in a timely manner. We are likewise influenced by Carroll's failure to present any evidence or even to argue that he was unable to file exceptions within thirty days or that, despite his failure to file exceptions within thirty days, he would have appealed within sixty days had he known he could.

In sum, Carroll was notified of when the decision would become final, of how to present objections to that decision, and, even if it was technically the wrong procedure, he has offered no rationale for concluding that he was in any way prejudiced by the error. As a result, there has been no due process violation giving rise to manifest injustice, and we decline to consider whether Carroll should, in fact, have been offered a separate appeal procedure for his New Claims.

---

[5]We do not mean to suggest that the two appeals procedures are substantively identical. It appears that the procedure for new claims allows consideration of relevant evidence outside the record, whereas the procedure for remanded claims does not. *Compare* 20 C.F.R. § 404.979, *with* 20 C.F.R. § 404.984(a). New claims can also be appealed within sixty days, *see* 20 C.F.R. § 404.968(a)(1), whereas cases on remand require exceptions to be filed within thirty days. *See* 20 C.F.R. § 404.984(b)(1). There are other substantive differences, but in both procedures, the applicant has the opportunity to express objections to the ALJ's decision and the Appeals Council has the discretion to issue a new decision. *Compare* 20 C.F.R. § 404.979, *with* 20 C.F.R. § 404.984(a). Likewise, in both procedures, the Commissioner's final decision can be appealed to the district court. 42 U.S.C. 405(g). Thus, while the procedures have some differences, both meet the minimum requirements for due process.

**III. Conclusion**

For the foregoing reasons, we will affirm the District Court's decision granting the Commissioner's motion to dismiss.